UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SCOTT ERIC SCHMIDT,

        Petitioner,

        v.                                                  Case No. 13-C-1150

WILLIAM J. POLLARD,

        Respondent.

---

ORDER REQUIRING RESPONDENT TO FILE AN ANSWER,
DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. 4), AND
GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS (DOC. 2)

On October 10, 2013, Scott E. Schmidt filed a petition pursuant to 28 U.S.C. § 2254, asserting that his conviction in Outagamie County Circuit Court violated the United States Constitution. After a jury found Schmidt guilty of first degree intentional homicide, first degree recklessly endangering safety, and bail jumping, the circuit court judge sentenced Schmidt to life in prison. Schmidt filed a postconviction motion arguing that he was denied his right to present a defense when the court excluded all adequate provocation evidence as well as his right to counsel during an in camera hearing. The circuit court denied the motion, the Wisconsin Court of appeals affirmed, and the Wisconsin Supreme Court declined Schmidt's petition for review. *State v. Schmidt*, 344 Wis. 2d 336 (Wis. Ct. App. 2012), *cert. denied,* 2013 WI 22. The case is before this court on Schmidt's § 2254 petition, request for leave to proceed in forma pauperis, and motion for appointment of counsel.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Schmidt asserts that the trial court deprived him of his right to present a defense, as well as his right to counsel during an in camera hearing because defense counsel could not ask him questions. During the proceeding that followed, Schmidt was not allowed to present evidence of the events prior to 24 hours before the shooting. He contends that "there was a huge build up of anger, rage, hatred, and resentment that built up over months and years of verbal, and emotional abuse" by his wife. In view of this proposed evidence, Schmidt believes he was entitled to an instruction on the lesser included offense as well as the defense of adequate provocation. In addition, defense counsel was not allowed to participate in the in camera hearing during which the judgment decided that there was insufficient evidence regarding the objective component of provocation.

Although Schmidt is challenging the circuit court's evidentiary ruling under state law, this court can consider whether the ruling had the effect of infringing his constitutional right to present a defense. *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986)). Regardless, it is beyond dispute that the Sixth Amendment safeguards an accused's right to the assistance of counsel at all critical stages. *Iowa v. Tovar*, 541 U.S. 77, 80–81, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004); *see United States v. Cronic*, 466 U.S.

648, 653–654, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Without the benefit of the record and based solely on the face of the petition and attached exhibits which incorporated the decision of the Wisconsin Court of Appeals, the court finds that Schmidt has presented at least colorable constitutional issues.

Next, Schmidt has filed a motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649.

However, the court may request an attorney to represent a person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The decision is discretionary. *Pruitt*, 503 F.3d at 653; *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654-55; *Jackson*, 953 F.2d at 1072-73.

Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Schmidt has not met the threshold requirement. He has attached a single letter from Tom Phillip in the Federal Defenders Office in Green Bay explaining that there is no automatic right to counsel in habeas proceedings. Attorney Phillip provided the address for the Lawyer Referral & Information Service; however, there is no indication that Schmidt contacted the office. Instead Schmidt says that he has sent out several other letters but that no attorney would respond. Those letters are not attached. At this time the court will deny Schmidt's motion without prejudice. After contacting at least five attorneys who handle habeas cases or practice criminal law to no avail petitioner may file another such motion, in which he should discuss his own competency to proceed without a lawyer and the complexity of the legal issues.

The court also notes that Schmidt does not discuss his ability to pursue this case or the case's legal complexity beyond the conclusory assertion that Attorney Phillip would be more qualified to argue the issues presented. Any future motion for appointment of counsel

must discuss these factors as they apply to Schmidt's specific case, to persuade the court that the interests of justice require that counsel be appointed.

Finally, Schmidt filed with his petition an application for leave to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. Based on the affidavit, Schmidt's life sentence, and his representation that he has an $850,000 wrongful death judgment against him, the court is satisfied that Schmidt lacks sufficient funds to proceed here. Now, therefore,

IT IS ORDERED that within sixty days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is denied without prejudice.

IT IS FURTHER ORDERED that the petitioner shall submit all correspondence and legal material to:

>Honorable Charles N. Clevert, Jr.
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will delay processing of the filing.

Petitioner should retain a personal copy of each document. If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

Petitioner is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, petitioner must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

IT IS FURTHER ORDERED that Schmidt's motion for leave to proceed in forma pauperis is granted.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE